IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| W-W TRAILER MANUFACTURERS, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, <br><br> *Defendant*, | Case No. CIV-20-094-RAW |

# ORDER

This action arises from damage to Plaintiff's commercial property caused by hailstorms. Plaintiff alleges that prior to the hailstorms, it entered a contract of insurance with Defendant to provide coverage for the property and purchased replacement cost coverage for the building roofs. Plaintiff alleges it timely submitted to Defendant a claim and evidence demonstrating the loss was covered under the terms of the policy. Plaintiff brings claims for breach of contract and bad faith. Plaintiff also requests punitive damages. Now before the court is Defendant's motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 12]. Defendant seeks dismissal of Plaintiff's claims for bad faith and punitive damages.

For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Second Amended Complaint and construes those facts in the light most favorable to Plaintiff. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive the motion to dismiss, the Second Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must nudge its "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d, 1242, 1247 (10th Cir. 2008). "In other words, *Rule 8(a)(2) still lives*." *Id*. (emphasis added). "Under Rule 8, *specific facts are not necessary*; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

Defendant argues that Plaintiff failed to provide facts specific to its case sufficient to state a claim for bad faith or punitive damages. The court disagrees. Plaintiff has alleged, *inter alia*, that after being provided with evidence demonstrating that Plaintiff's loss was covered under the policy, Defendant engaged in an outcome-based investigation of Plaintiff's claim designed to deny the claim, ignored covered damage, and utilized biased vendors designed to deny Plaintiff's claim.

The Complaint gives Defendant fair notice of the claims and the grounds upon which those claims rest. Accordingly, Defendant's motion for partial dismissal [Docket No. 12] is hereby DENIED.

**IT IS SO ORDERED** this 3rd day of August, 2020.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**