IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

W-W TRAILER                          )
MANUFACTURERS, INC.,                 )
                                     )
            Plaintiff,               )
                                     )
v.                                   )   Case No. CIV-20-094-RAW
                                     )
TRAVELERS INDEMNITY COMPANY          )
OF CONNECTICUT,                      )
                                     )
            Defendant.               )

**O R D E R**

This matter comes before the Court on Defendant's Motion to Compel (Docket Entry #42). United States District Judge Ronald A. White who presides over this case referred this Motion to the undersigned for final determination. Plaintiff brings this action against Defendant for breach of an insurance contract and breach of the implied duty of good faith and fair dealing associated with a hail damage roof claim. Defendant insured a metal roof on Plaintiff's business which allegedly sustained hail damage during the period of insurance provided by Defendant. The roof, however, was the subject of a prior lawsuit brought by Plaintiff against another insurer, Employers Mutual Insurance Company ("EMC"), also for breach of contract and the implied duty and also pertaining to a hail damage claim on the metal roof of the same business involved in this action. Plaintiff allegedly settled the lawsuit against EMC resulting in a confidential settlement agreement. The

settlement agreement was allegedly reached some four months before Plaintiff made the hail damage claim with Defendant.  With these brief background facts in mind, this Court addresses the individual discovery disputes set out in the Motion in turn.

Request for Production No. 32 – Produce the settlement agreement between Employers Mutual Insurance Company and Plaintiff regarding the lawsuit *Employers Mutual Casualty Company v. W-W Trailer Manufacturers, Inc. d/b/a W.W. Trailer Manufacturing,* Case No. CIV-16-995-HE.

Request for Admission No. 6 – Admit you did not utilize the full amount of the funds received in settlement from *Employers Mutual Casualty Company v. W-W Trailer Manufacturers, Inc. d/b/a W.W. Trailer Manufacturing,* Case No. CIV-16-995-HE to make repairs and/or replacement to cure damage claimed by Plaintiff in that case.

Interrogatory No. 17 – Fully explain the basis and material facts which support your response to RFA #6.

Request for Production No. 33 – Produce documents evidencing what the settlement funds from *Employers Mutual Casualty Company v. W-W Trailer Manufacturers, Inc. d/b/a W.W. Trailer Manufacturing,* Case No. CIV-16-995-HE were used on.

Interrogatory No. 2 – Has Plaintiff ever made a claim for insurance coverage on the subject buildings other than the claim subject to this lawsuit?  If so, please state the nature, date, insurance carrier and circumstances surrounding such claim(s) and the result of such claim(s), including amounts paid to resolve these claim(s).

Defendant contends that the production of the settlement agreement from the prior lawsuit is relevant to demonstrate that Plaintiff received a sum of money stemming from hail damage to the same roof at issue in this case but failed to perform any repairs with that money.  Plaintiff relies upon the confidentiality

provisions of the settlement agreement to oppose production as well as contentions that the agreement is not relevant to any of the claims or defenses asserted in this case and that the request for its production is not proportional to the needs of the case.

Defendant appears to lump the production of the settlement agreement with all of the other requests set forth above in terms of relevancy and proportionality. The requests are not of equal relevance to the claims and defenses in this action.

> Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Rule 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor of broad disclosure. Conversely, when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request.
>
> McCoy v. Whirlpool Corp., 214 F.R.D. 642, 643-44 (D. Kan. 2003).

The relevance of the settlement agreement is not immediately apparent from Defendant's explanation in the Motion. Plaintiff represents that the amount of money for which the prior lawsuit with EMC was settled includes both the breach of contract and bad faith claims and, therefore, it would be impossible to ascertain

from the agreement itself what amount was attributable to the repair of the roof. This issue is rendered somewhat moot by the fact that Plaintiff has apparently admitted through other discovery that none of the money procured from the settlement with EMC was expended to repair the roof. Other than to simply know the amount received in settlement – a basis for production completely irrelevant to this action – Defendant has not stated a sufficient basis for the production of the agreement. In an abundance of caution, however, this Court will require Plaintiff to produce the EMC settlement agreement *in camera* so that it may be reviewed to confirm that no other revelation in it would be relevant to this action.

Responses to Request for Admission No. 6 and Interrogatory No. 17 are certainly relevant to the issue of whether interim repairs were made to the roof between the settlement of the lawsuit against EMC and the claim represented in this action against Defendant. To the extent it has not already done so, Plaintiff shall provide substantive responses to these discovery requests.

Request for Production No. 33 is simply a backhanded attempt to ascertain the amount of money obtained from the settlement with EMC. The request is completely irrelevant to the claims and defenses asserted in this lawsuit.

4

Interrogatory No. 2 is a request to obtain other claims information concerning the same roof at issue in this case. The information is discoverable, relevant, and proportional to the needs of this case. Plaintiff will be required to produce a substantive response.

Interrogatory No. 8 – Set forth with specificity all damages, if any, which you seek for each of your claims alleged in this suit and explain how each claim is related to Travelers' alleged actions, including the specific monetary amount claimed for each element of damages.

Request for Production No. 24 – Produce all receipts and documents relating to or establishing any category of damages referenced in your Petition/Complaint.

Request for Production No. 10 – If Plaintiff is claiming it has suffered lost income or other financial damages other than the loss of benefits under the subject insurance policy, identify the amount of lost income and the calculations used to arrive at the total amount of lost income or other financial benefits.

Plaintiff first acknowledges that it is withdrawing any claim for damages to business personal property and lost income. It states that it has supplemented Interrogatory No. 8 and Request for Production No. 10 to reflect this admission.

Further, Plaintiff has produced a detailed listing of materials and labor necessary for the repair of the roof attached as Exhibit No. 6 to its response to the Motion. This information is responsive to Defendant's discovery request.

Non-economic damages claimed by Plaintiff are admittedly

5

difficult to compute.  This Court, however, must be mindful of the position of the District Judge from whom this matter was referred.  Judge White has stated that a breakdown of the specific amount and category of non-economic damages sought must be provided by a plaintiff as a part of discovery.  *See* McKinney v. Reassure America Life Ins. Co., 2006 WL 3228791, at *2 (E.D. Okla. Nov. 2, 2006)("a 'discovery request calling for the calculation of damages requires more than merely setting forth the figure demanded. . . .'" quoting First Nat. Bank of Chicago v. Ackerley Communications, Inc., 2001 WL 15693, at *6 n. 6 (S.D.N.Y. Jan. 8, 2001)).  As a result, Plaintiff will be required to respond to Interrogatory No. 8 with specificity as to the amount of the non-economic damages sought.  Plaintiff will also be required to provide an estimate of punitive damages it will suggest to the jury as a deterrent for Defendant's alleged wrongful conduct under Oklahoma law.

    Interrogatory No. 12 – Describe all maintenance and repair work performed on the subject insured buildings insured by the insurance policy from Travelers prior to the subject incident described in your Petition/Complaint, including the dates of such maintenance and repair work and the person or entity performing the work for the past twenty (20) years of (sic) the life of the building.

    Request for Production No. 18 – Produce all documents reflecting maintenance and repair work performed on the roof of the subject insured property and insured by the insurance policy from Travelers prior to the subject incident described in the Petition/Complaint for the past twenty (20) year [of] the life of the subject building.

In its reply, Defendant modified its request to limit its Interrogatory No. 12 to include only the maintenance performed on the roofs of the insured buildings – Request for Production No. 18 was already so limited – and to request the information for the years 2014 through 2018. These discovery requests as modified are relevant to the claims asserted in this action and proportional to the needs of the case and shall be provided by Plaintiff.

<u>Request for Production No. 27</u> – Produce all federal and state tax documents filed by Plaintiff from 2010-2019, including but not limited to documents evidencing depreciation of real property at issue in this lawsuit, expenses related to repairs or replacements to real property at issue in this lawsuit. Please note (1) if you are not claiming lost income as damages in this case, you may redact irrelevant income information and (2) Travelers will not object to these documents being produced under the protective order to preserve confidentiality.

This Court is mindful of the public policy concerns that offer protection against the production of income tax returns generally. *See* <u>Hilt v. SFC Inc.</u>, 170 F.R.D. 182, 188 (D. Kan. 1997)("This court has often refused discovery of tax returns. Public policy protects against their production. Although courts do not favor compelling production of tax returns, no absolute privilege exists preventing their discovery."). The tax returns must be shown to be relevant to the subject matter of the action and the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable.

7

Id. at 189.  Moreover, "[w]hile courts have been reticent to compel taxpayers to disclose income tax return information merely because they have become parties to a lawsuit, they nonetheless, have compelled production of income tax returns 'where a litigant himself tenders an issue as to the amount of his income.'" Evans v. Allstate Ins. Co., 216 F.R.D. 515, 518 (N.D. Okla. 2003) citing Fields v. General Motor Corp., 1996 WL 14040 at *4 (N.D. Ill. Jan. 14, 1996).

Since Plaintiff has withdrawn its claim for lost income, the income information contained in its tax returns is no longer relevant to this action.  Defendant acknowledges this fact in its reply.  Nevertheless, Defendant seeks the returns in order to ascertain how Plaintiff depreciated the building with the income information redacted.  This remote basis for requesting production does not suffice.  Defendant may derive the depreciation information from other sources without invading Plaintiff's tax returns.  The relevancy of the depreciation information to the issues in this case are suspect at best.  Defendant's Motion will be denied with respect to the production of Plaintiff's income tax returns.

Request for Production No. 29 – [Produce] [d]ocuments evidencing donations and/or gifts to the Open Range Cowboy Church from 2010 to the present.

<u>Request for Production No. 30</u> – [Produce][d]ocuments evidencing donations or gives to Plaintiff rom the Open Range Cowboy Church from 2010 to present.

Defendant seeks information concerning donations made by the Open Range Cowboy Church (the "Church") to "Plaintiff" because the roof of a lean-to structure on Plaintiff's property was replaced before an insurance claim was made for roof damage to all structures which allegedly used metal tin roof panels donated by the Church.  Defendant seeks to determine the nature of the donation and the relationship between Plaintiff and the Church such that the panels were donated and the damaged panels were discarded.

Plaintiff's primary objection to the discovery request is that the "Plaintiff" is defined in Defendant's discovery requests very broadly requiring it to provide donation information for all employees and other persons and entities associated with Plaintiff.  Defendant has agreed to limit the request to W-W Trailer and its management.

The information may be relevant on questions concerning why the lean-to roof was replaced, where and how the replaced panels were disposed of, and the timing of the replacement.  Defendant's limitation on the parties from whom the information is required narrows the request to the insured and controlling persons of the

insured. Additionally, the request encompasses a period beyond that covered by the insurance claims relevant to this lawsuit. Defendant's request will be limited to the donations made from 2014 through 2018. Plaintiff will be required to produce the requested information in accordance with the modified request.

IT IS THEREFORE ORDERRED that Defendant's Motion to Compel (Docket Entry #42) is hereby **GRANTED**, in part, and **DENIED**, in part. Plaintiff shall supplement the responses with substantive information pertaining to Request for Admission No. 6, Interrogatory No. 17, Interrogatory No. 2, Interrogatory No. 8 (as it relates to setting forth a calculation of non-economic damages and punitive damages), Request for Production No. 24, Interrogatory No. 12 (as modified), Request for Production No. 18 (as modified), Request for Production No. 29 (as modified), and Request for Production No. 30 (as modified) no later than **MAY 7, 2021**. Plaintiff shall produce the settlement agreement with EMC to the Court for *in camera* review by **MAY 7, 2021.**

IT IS SO ORDERED this 23rd day of April, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

10