IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

W-W TRAILER MANUFACTURERS, INC.,

    Plaintiff,

v.

TRAVELERS INDEMNITY COMPANY OF CONNECTICUT

    Defendant.

Case No. CIV-20-94-RAW

### ORDER

Before the court is the Defendant's Motion in Limine to Exclude the Opinions, Testimony and Report of Kelly Parker [Doc. 80], who is Plaintiff's expert witness regarding hail damage.

The United States Supreme Court tasked federal trial courts with a duty to "gatekeep" expert testimony if an objection is raised to admissibility. *See Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993). The proponent of the testimony bears the burden of establishing such admissibility. *United States v. Nacchio,* 555 F.2d 1234, 1241 (10th Cir. 2009). When an expert's testimony and opinions are challenged, there are two separate grounds a court must consider (1) whether the witness is qualified to offer the opinions he is espousing and (2) whether the proponent of the witness has proven that its witness' opinions are relevant and reliable. *Kumbo Tire Co., Ltd. V. Carmichael,* 526 U.S. 137, 141.

With respect to reliability, the Supreme Court identified four factors which may be considered to assess reliability: (1) whether the opinion at issue can be or has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) the known or potential rate of error; and (4) the degree of acceptance within the relevant scientific community.

*Daubert*, 509 U.S. at 593-94. Under *Daubert*, any step that renders the analysis unreliable…renders the expert's testimony inadmissible. This is true whether the step completely changes a reliable methodology or merely misapplies that methodology renders the expert's testimony inadmissible. *Goebel v. Denver and Rio Grande Western R. Co.,* 346 F.3d 987, 992 (10th Cir. 2003). This is true whether the step completely changes a reliable methodology or merely misapplies that methodology. *Mitchell v. Gencorp, Inc.* 165 F.3d 778, 782 (10th Cir. 1999). An expert's testimony should be excluded when it is based on subjective belief and/or unsupported speculation. *Gen. Elec. Co. v. Joiner*, 522 U.S. at 136, 146 (1997). Experts' opinions "must be supported by appropriate validation…based on what is known." *Dodge v. Cotter Corp.,* 382 F.3d 1212, 1222 (10th Cir. 2003). An expert cannot use data which an expert in the same field might rely on and merely extrapolate from it. *Gen. elec. Co.,* 522 U.S. at 146.

The *Daubert* standard also applies to non-scientific expert testimony. *Kumho Tire,* 526 U.S. at 149. However, "disciplines such as engineering rest upon scientific knowledge." *Id.* at 148. The purpose is to make certain that the expert is employing the "same level of academic rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

Importantly, Plaintiff's expert Kelly Parker has recently been excluded by Judge Kern in the Northern District of Oklahoma from giving hail damage opinions found to be similarly unreliable. *See Surfside Japanese Auto Parts and Service v. Berkshire Hathaway Homestate Ins. Co.,* 2019 WL 5485656 (N.D. Okla. Oct. 25, 2019). This was in part due to his reliance on Hail

Trace, testimony relying solely on his experience, and his opinions regarding aging of spatter marks. *See Id.*

Under *Daubert*, even if just one step of the expert's analysis is unreliable, it renders the entire opinion unreliable. *Goebel v. Denver and Rio Grande Western R. Co.,* 346 F.3d 987, 992 (10th Cir. 2003). Plaintiff has the burden of proving each element and basis of Mr. Parker's opinion is relevant and reliable. *See United States v. Nacchio,* 555 F.2d 1234, 1241 (10th Cir. 2009)(*en banc)* (proponent of expert testimony has the burden to prove admissibility).

Given that Mr. Parker is employing the same methodologies which were found to be unreliable in *Surfside Japanese Auto Parts,* considering the unsupported methodology of measuring spatter marks, and given his improper extrapolation of data, Mr. Parker's report, testimony and any opinions will be excluded. Defendant's motion is therefore granted. Of course, as with all motions in limine, this ruling is preliminary.

IT IS SO ORDERED this 4th day of January, 2022.

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE